# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## No. 24-13971

---

JEFFREY ANDRIOFF,
Plaintiff – Appellant

v.

STERICYCLE, INC.,
Defendant – Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
HONORABLE STEVE C. JONES

(1:24-cv-00047-SCJ-CCB)

_____

**APPELLANT'S OPENING BRIEF**

_____

Amanda A. Farahany
BARRETT & FARAHANY
2921 Piedmont Road
Atlanta, GA 30305
(404) 214-0120
(404) 541-4772 fax
amanda@justiceatwork.com

*Counsel for Plaintiff-Appellant*

**C-1**

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant, Jeffrey Andrioff, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2 and 26.1-3, hereby files his Certificate of Interested Persons and Corporate Disclosure Statement:

1. Jeffrey Andrioff – Plaintiff-Appellant;

2. Amanda A. Farahany – Counsel to Plaintiff-Appellant;

3. Heather Ryfa – Counsel to Plaintiff-Appellant;

4. Victor Severin Roberts – Former Counsel to Plaintiff-Appellant;

5. Barrett & Farahany – Law Firm of Counsel to Plaintiff-Appellant;

6. Stericycle, Inc. – Defendant-Appellee;

7. Owen Hill – Counsel to Defendant-Appellee;

8. Jill Evert – Counsel to Defendant-Appellee;

9. James Fielding – Counsel to Defendant-Appellee;

10. Littler Mendelson – Law Firm of Counsel to Defendant-Appellee;

11. Honorable Steve C. Jones – United States District Court Judge; and

12. Honorable Christopher C. Bly – United States District Magistrate Court Judge.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Jeffrey Andrioff does not request oral argument to the Eleventh Circuit. Mr. Andrioff submits that oral argument will not be necessary for the Court's disposition of this case.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND
CORPORATE DISCLOSURE STATEMENT .......................................................i

STATEMENT REGARDING ORAL ARGUMENT…………….…………..ii

TABLE OF CONTENTS...........................................................................iii

TABLE OF AUTHORITIES ........................................................................iv

STATEMENT OF JURISDICTION.............................................................vi

STATEMENT OF THE ISSUE...................................................................1

STATEMENT OF THE CASE ....................................................................2

    I.      COURSE OF PROCEEDINGS BELOW ...............................................2

    II.     STATEMENT OF THE FACTS…………......................................4

SUMMARY OF THE ARGUMENT…………………………….…………..6

ARGUMENT .........................................................................................7

    I.      Standard of Review ……………. ...............................................7

    II.     The District Court Erred in Finding that the Decisionmaker's Statement Was Not Direct Evidence that Race Was a But-for Consideration in the Promotion Decision ...............................................8

    III.    The District Court Erred in Finding that Mr. Andrioff Did Not Allege a Claim for Race Discrimination Because the Person Who Received the Promotion Was the Same Race .......................................11

CONCLUSION.......................................................................................13

CERTIFICATE OF COMPLIANCE............................................................14

CERTIFICATE OF SERVICE ...................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Supreme Court Cases:**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 7, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 7

*Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) ......................................... 8

*Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*,
    140 S. Ct. 1009 (2020) .............................................................................. 8

*Johnson v. Ry. Express Agency*, 421 U.S. 454 (1975) ...................................... 8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) .............................. 12

**Circuit Court Cases:**

*Carlisle v. Rhodes & Rhodes Family Dentistry*, No. 22-13901,
    2024 U.S. App. LEXIS 3455 (11th Cir. Feb. 14, 2024)......................... 8

*Doe v. Samford Univ.*, 29 F.4th 675 (11th Cir. 2022) ....................................... 7, 13

*Fernandez v. Trees, Inc.*, 961 F.3d 1148 (11th Cir. 2020) ................................ 9

*Howard v. Roadway Express, Inc.*, 726 F.2d 1529 (11th Cir. 1984)............. 3, 11, 12

*Jeffries v. Harris Cnty. Cmty. Action Ass'n*, 615 F.2d 1025 (5th Cir. 1980) ... 3, 11

*Jones v. Western Geophysical Co. of America*,
    669 F.2d 280 (5th Cir. 1982) ................................................................... 11, 12

*Lapham v. Walgreen Co.*, 88 F.4th 879 (11th Cir. 2023).............................. 8, 10, 13

*Newbauer v. Carnival Corp.*, 26 F.4th 931 (11th Cir. 2022) ........................... 4

*Ossmann v. Meredith Corp.*, 82 F.4th 1007 (11th Cir. 2023).......................... 9

*Timson v. Sampson*, 518 F.3d 870 (11th Cir. 2008) ......................................... 7

**District Court Cases:**

*Alexander v. LeNcrerot*, No. 1:21-cv-04846-SDG,
        2023 U.S. Dist. LEXIS 141098 ............................................................. 12

*Obester v. Lucas Assocs.*, No. 1:08-CV-03491-MHS-AJB,
        2010 U.S. Dist. LEXIS 144161 (N.D. Ga. Aug. 2, 2010) ...................... 9

**Statutes:**

28 U.S.C. § 1291 ........................................................................................ v

42 U.S.C. § 1981 ................................................................................. *passim*

# <u>STATEMENT OF JURISDICTION</u>

This case is a plenary appeal of a final decision of the United States District Court for the Northern District of Georgia, Atlanta Division. Jurisdiction lies under 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUE</u>

Whether a plaintiff may raise a race discrimination claim for failure to promote under 42 U.S.C. § 1981 where the decisionmaker explicitly stated that someone of the plaintiff's race <u>and</u> sex (i.e. "white male") could not fill the position and the position was ultimately filled by someone of the plaintiff's race?

## STATEMENT OF THE CASE

### I.    COURSE OF PROCEEDINGS BELOW

Plaintiff-Appellant Jeffrey Andrioff ("Appellant" or "Mr. Andrioff") commenced this action on January 4, 2024, in the U.S. District Court for the Northern District of Georgia, Atlanta Division, alleging that Appellee-Defendant Stericycle, Inc. ("Appellee" or "Stericycle") discriminated against him on the basis of race when he applied for a promotion, in violation of 42 U.S.C. § 1981. (Complaint, Doc. 1). In response to Stericycle's motion to dismiss (Doc. 5), Mr. Andrioff filed an Amended Complaint on February 21, 2024 (Doc. 11).

Stericycle then filed a motion to dismiss the Amended Complaint, contending that Mr. Andrioff, a white man, cannot maintain a claim under § 1981. (Doc. 13-1). Stericycle contended that race discrimination could not be a "but for" cause of the promotion denial, since the decisionmaker stated that both race *and* sex were considered, and the promotion went to a white woman. Stericycle thus concluded that, because the promotion went to someone of the same race, Mr. Andrioff could not maintain a claim for race discrimination. (Doc. 13-1 at pp. 1-2).

Mr. Andrioff responded that he had alleged direct evidence of discrimination: when asked why Mr. Andrioff did not receive the promotion, the decisionmaker told Mr. Andrioff, "Let's face it, [the person who was promoted] was not another white male." (Doc. 13-1 at pp. 4-5). Mr. Andrioff argued that the

but-for causation of § 1981 does not mean "sole causation" because an event such as the denial of a promotion can have multiple "but for" causes. (Doc. 14 at p. 3). Mr. Andrioff further argued that, under the law of this Circuit, he had adequately alleged a race discrimination claim because he had alleged detailed facts demonstrating that, if he were not white, he would have received the promotion. Because the facts in the complaint supported the allegation that, but for his race, Mr. Andrioff would have received the promotion, he sufficiently alleged a racial discrimination claim under § 1981.

The magistrate judge issued a report and recommendation that recommended dismissal of the Amended Complaint. (Doc. 16). The magistrate judge stated that race could not have been a but-for cause for the denial of the promotion to Mr. Andrioff, because the person who received the promotion was of the same race. (Doc. 16 at p. 7). The magistrate came to this conclusion based on "common sense" and in reliance on two cases, *Howard v. Roadway Express, Inc.*, 726 F.2d 1529 (11th Cir. 1984) and *Jeffries v. Harris Cnty. Cmty. Action Ass'n*, 615 F.2d 1025, 1030 (5th Cir. 1980). (Doc. 16 at pp. 8, 12). The magistrate further found that the decisionmaker's statement to Mr. Andrioff, "Let's face it, she's not another white male," was not direct evidence of race discrimination because Mr. Andrioff and the chosen candidate were both white. (Doc. 16 at p. 8). The magistrate rejected Mr. Andrioff's argument that, if he had been a black male, he would have

received the promotion, stating that this was an "unsubstantiated assumption" rather than a logical conclusion based on the decisionmaker's own words. (Doc. 16 at p. 13).

The district court adopted the magistrate judge's report over Mr. Andrioff's objections and dismissed the Amended Complaint. (Docs. 28, 24). Mr. Andrioff filed a timely notice of appeal. (Doc. 30).

## II.    STATEMENT OF THE FACTS

At the Motion to Dismiss stage, the Court must "assume the veracity of well-pleaded factual allegations" in the complaint. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). Mr. Andrioff, therefore, presents the facts from the Amended Complaint (Doc. 11) as follows.

Mr. Andrioff, a white man, began working for Stericycle on or about January 20, 2020, as a Director of Strategic Sales and Director of Sales Training. (Amended Complaint, Doc. 11, ¶ 8). Sometime in March of 2023, Mr. Andrioff applied for a Regional Vice President of Sales position and was interviewed by Senior Vice President and hiring manager Ammon Woods. (Doc. 11, ¶¶ 9-10). During that meeting, Mr. Andrioff made a presentation to Woods, which included performance information on different sales teams at Stericycle. (Doc. 11, ¶11).

Mr. Andrioff's presentation included information showing that Candace Yetter's team was an extremely underperforming sales team that had not even met

4

its sales targets. Ms. Yetter is a white female who had applied for the position as well. (Doc. 11, ¶ 12). Ms. Yetter's team had not been meeting its sales goals for nearly two years, had higher than average employee turnover, and its average deal size was below average. (Doc. 11, ¶¶ 13-15). Additionally, ramp to performance for new hires was lower than average on Ms. Yetter's team, and the region in which her team operated was one of the worst performing regions in the company. (Doc. 11, ¶¶ 16-17).

Mr. Woods, who was the decisionmaker, told Mr. Andrioff that the choice for the position was going to be between Mr. Andrioff and Ms. Yetter. (Doc. 11, ¶¶ 18-19). Ms. Yetter received the promotion. (Doc. 11, ¶ 20). In explaining why Ms. Yetter received the promotion, Mr. Woods told Mr. Andrioff, "Let's face it, she's not another white male." (Doc. 11, ¶ 21).

Although Stericycle purported to provide a legitimate non-discriminatory reason for the adverse action, such reasons are pretext. But for Mr. Andrioff's race, he would not have been denied the position. In other words, if Mr. Andrioff had been a black man, he would have been given the promotion because he was grossly more qualified than Ms. Yetter, and as a black person he would have checked a "diversity" demographic box (i.e. "not another white male") Stericycle desired. (Doc. 11, ¶ 21).

## SUMMARY OF THE ARGUMENT

This Court should reverse the dismissal in this case because the law of this Circuit is clear that there is no per se rule that a denial of a promotion cannot be discriminatory if the person chosen was of the same protected class. The district court's dismissal rested on the fact that both candidates shared the same race despite the decisionmaker's explicit statement that the decision was made because Mr. Andrioff was a white male, and the other candidate was not. This statement is direct evidence that Mr. Andrioff's race was a but-for reason that he was denied the promotion because Stericycle desired a candidate who satisfied a "diversity" demographic box (i.e. "not another white male"), which violates 42 U.S.C. § 1981. Since a reasonable jury could conclude that Stericycle discriminated against Mr. Andrioff on the basis of his race in the denial of a promotion, the district court's dismissal of the Amended Complaint should be reversed.

## ARGUMENT

### I.    STANDARD OF REVIEW

This Court reviews the district court's grant of a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6) *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). Thus, a complaint should be dismissed under Rule 12(b)(6) only if the non-conclusory facts alleged fail to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678)).

## II.   THE DISTRICT COURT ERRED IN FINDING THAT THE DECISIONMAKER'S STATEMENT WAS NOT DIRECT EVIDENCE THAT RACE WAS A BUT-FOR CONSIDERATION IN THE PROMOTION DECISION

"Section 1981 prohibits intentional race discrimination in the enforcement of public and private contracts, including employment contracts." *Carlisle v. Rhodes & Rhodes Family Dentistry*, No. 22-13901, 2024 U.S. App. LEXIS 3455, at *10 (11th Cir. Feb. 14, 2024) (citing 42 U.S.C. § 1981 and *Johnson v. Ry. Express Agency*, 421 U.S. 454, 459-60 (1975)). To prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). This Court has described but-for causation as:

> whenever a particular outcome would not have happened 'but for' the purported cause. Thus, the but-for test "directs us to change one thing at a time and see if the outcome changes." If it does, the isolated factor is a but-for cause.

*Lapham v. Walgreen Co.*, 88 F.4th 879, 894 (11th Cir. 2023) (quoting *Bostock v. Clayton County*, 140 S. Ct. 1731, 1739 (2020)). "To be clear, single events often 'have multiple but-for causes,' so the but-for standard can be quite 'sweeping,' depending on the circumstances." *Id.* (quoting *Bostock*, 140 S. Ct. at 1739).

"Direct evidence of discrimination is evidence that reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of

8

by the employee, and, if believed, proves the existence of a fact without inference or presumption." *Ossmann v. Meredith Corp.*, 82 F.4th 1007, 1015 (11th Cir. 2023) (citing *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1156 (11th Cir. 2020) (quotations omitted)). "For a statement to constitute direct evidence, it must be made by a person involved in the challenged decision. Furthermore, the statements must directly relate in time and subject to the adverse employment action at issue." *Obester v. Lucas Assocs.*, No. 1:08-CV-03491-MHS-AJB, 2010 U.S. Dist. LEXIS 144161, at *126-27 (N.D. Ga. Aug. 2, 2010) (internal citations and quotations omitted).

In this case, Mr. Woods was the decisionmaker, and he interviewed the applicants. (Doc. 11, ¶¶ 10, 19); *see Obester*, 2010 U.S. Dist. LEXIS 144161, at *126-27. Mr. Woods's statement that Ms. Yetter received the promotion rather than Mr. Andrioff because "she is not another white man" was directly related to the decision and made in response to Mr. Andrioff's inquiry as to why he did not receive the promotion. (Doc. 11, ¶ 21); *see id.* Applying the presumption that the allegations of the complaint are true, as required under *Iqbal*, 556 U.S. at 679, this statement "reflects a discriminatory…attitude correlating to the [race] discrimination" complained of by Mr. Andrioff. *Ossmann*, 82 F.4th at 1015.

Further, Mr. Woods's statement, if believed, proves race discrimination "without inference or presumption." *Id.* Per Mr. Woods, the deciding factor in the

promotion decision was that the person selected not be "another white male." (Doc. 11, ¶ 21). Following the Eleventh Circuit's instructions in *Lapham*, 88 F.4th at 894, let us change one factor at a time and see if the outcome changes. If Mr. Andrioff were a different race, would that change the outcome? Yes. If he were not white, he would meet the deciding qualification of not being "another white male" – and he would be a "non-white male" whose qualifications far exceeded those of the person selected, particularly viewing the allegations in the light most favorable to the plaintiff, as required by *Timson*, 518 F.3d at 872. That this exercise would result in the same outcome if Mr. Andrioff were not "male" is irrelevant to the "but-for" inquiry. Again, there can be multiple "but-for" causes. *Lapham*, 88 F.4th at 894. Therefore, Mr. Woods's statement is direct evidence of but-for race discrimination.

Defendant argued below that Plaintiff's allegations that he would have been promoted but-for his race is "rank speculation," but Mr. Woods's statement explicitly made race a deciding factor in the promotion decision ("not another white male"). Defendant contended that Mr. Woods's statement is not evidence of racial discrimination because it also indicates that sex was a consideration. (Doc. 13-1, pp. 10-11). But, again, single events may have multiple but-for causes. *Lapham,* 88 F.4th at 894. Under the analysis in *Lapham*, changing "one thing at a time," here Mr. Andrioff's race, would have changed the outcome of the promotion

10

decision. Therefore, Mr. Andrioff's race was a but-for cause of the promotion decision, even if it is not the only but-for cause. *Id.* Since consideration of Mr. Andrioff's race in the promotion decision violates 42 U.S.C. § 1981, Plaintiff has sufficiently alleged a race discrimination claim, and the district court erred in dismissing the Amended Complaint.

### III.    THE DISTRICT COURT ERRED IN FINDING THAT MR. ANDRIOFF DID NOT ALLEGE A CLAIM FOR RACE DISCRIMINATION BECAUSE THE PERSON WHO RECEIVED THE PROMOTION WAS THE SAME RACE

The district court misrepresented the holding[1] of *Howard v. Roadway Express, Inc.*, 726 F.2d 1529 (11th Cir. 1984), in reaching its conclusion that a plaintiff denied a promotion cannot show race discrimination if the person promoted is of the same race. (Doc. 16 at p. 12). Such a per se rule was specifically disavowed in *Howard*.

In that case, this Court held: "Although some case law appears to support the per se rule adopted by the court below, *see, e.g., Jefferies v. Harris County Community Action Association*, 615 F.2d 1025 (5th Cir.1980), we are persuaded by the analysis in *Jones v. Western Geophysical Co. of America*, 669 F.2d 280 (5th

---

[1] The district court quoted language from a footnote in *Howard* discussing *Jefferies* that it was "implausible, if not logically impossible, for the decision to have been racially discriminatory" where the choice was between two candidates of the same race. Within the same footnote, this Court distinguished *Jefferies* and noted that, based on the facts of *Howard*, it was possible that the plaintiff was discriminated against on the basis of race despite the fact that someone of the same race was chosen for the position. 726 F.2d at 1534 n.4.

Cir. 1982)." 726 F.2d at 1534. The Fifth Circuit in *Jones* denied summary judgment[2] to the defendant, "reject[ing] the proposition that under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), an absolute requirement for a prima facie case is a showing that after the plaintiff's discharge the defendant hired a person who was not in the plaintiff's protected class, *i.e.*, black." *Howard*, 726 F.2d at 1534. The *Jones* court noted, "The underlying purpose of the fourth element in the *McDonnell Douglas* formulation is precisely to establish this unlawful inference of discrimination. But proof that the employer replaced the fired minority employee with a nonminority employee is not the only way to create such an inference." 669 F.2d at 284.

As in both *Jefferies* and *Jones*, the facts here do not rely on an inference of discrimination from the award of the promotion to someone of a different race. Instead, that inference is based on the statement of the decisionmaker, Mr. Woods, that the promotion went to a person who was "not another white male." Based on this statement, made in response to an inquiry as to why Mr. Andrioff, a white male, did not receive the promotion, a reasonable jury could find that Stericycle discriminated against Mr. Andrioff on the basis of his race, in violation of § 1981.

---

[2] The standard on a motion for summary judgment is less deferential than the standard for a motion to dismiss. *See, e.g., Alexander v. LeNcrerot*, No. 1:21-cv-04846-SDG, 2023 U.S. Dist. LEXIS 141098, at *10-11 (N.D. Ga. Aug. 14, 2023) (holding that the plaintiff "could not surmount the more deferential motion-to-dismiss standard, likewise fails under the more exacting scrutiny of summary judgment.").

*See Lapham*, 88 F.4th at 894. Therefore, the district court erred in dismissing the Amended Complaint. *Samford Univ.*, 29 F.4th at 685.

## CONCLUSION

For the reasons set forth above, the District Court's Order dismissing Mr. Andrioff's Amended Complaint should be reversed.

Respectfully submitted this 12th day of February, 2025.

BARRETT & FARAHANY

s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135

*Attorney for Plaintiff-Appellant*
*Jeffrey Andrioff*

2921 Piedmont Road
Atlanta, GA 30305
(404) 214-0120
amanda@justiceatwork.com

13

## CERTIFICATE OF COMPLIANCE

I hereby certify in accordance with FRAP 32(g) that this brief complies with the type-volume limitation specified in Rule 32(a)(7)(B). Specifically, it contains 2,649 words in the Brief.

**BARRETT & FARAHANY**

s/ *Amanda A. Farahany*

Amanda A. Farahany
Georgia Bar No. 646135

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2025, I electronically filed the foregoing *Appellant's Opening Brief* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

**BARRETT & FARAHANY**

s/ *Amanda A. Farahany*

Amanda A. Farahany
Georgia Bar No. 646135

14